IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL TROIANO, SR., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 16-595 |
| | ) |
| v. | ) Judge Cathy Bissoon |
| | ) |
| COUNTY OF ALLEGHENY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

The Motion to Dismiss (Doc. 9) filed by the County of Allegheny and Orlando Harper ("Defendants")[1] regarding Plaintiff's claims for retaliation and interference under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., will be granted in part and denied in part, as described below.

With respect to the FMLA retaliation claim, Defendants argue that Plaintiff cannot make out a *prima facie* case because he has not "established [a] causal connection" between his invocation of his FMLA rights and the alleged adverse employment action. (Doc. 10 at 4). At this stage of the litigation, though, Plaintiff need not *establish* anything. He needs only plead enough facts, which must be accepted as true at this time, to "raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." Connelly v. Lane Const. Corp., 809 F.3d 780, 789 (3d Cir. 2016).

---

[1] The Court agrees with Defendants that the Allegheny County Jail ("ACJ"), as a sub-unit of Allegheny County, is not susceptible to suit in its own right. See Slaughter v. Cnty. of Allegheny, 2013 WL 5491739, at *1 (W.D. Pa. Oct. 1, 2013). Thus, the ACJ will be dismissed from this action, and the caption will be amended accordingly.

And he has done just that. "To succeed on an FMLA retaliation claim, [a plaintiff] must show that (1) he invoked his right to FMLA-qualifying leave, (2) he suffered an adverse employment decision, and (3) the adverse action was causally related to his invocation of rights." Capps v. Mondelez Glob., LLC, 847 F.3d 144, 157 (3d Cir. 2017). The Court of Appeals for the Third Circuit's "case law has focused on two main factors in finding the causal link necessary for retaliation: timing and evidence of ongoing antagonism." Abramson v. William Paterson Coll. of N.J., 260 F.3d 265, 288 (3d Cir. 2001). But those are not the only two ways to do so; "a plaintiff may rely upon a broad array of evidence" to show the necessary causal link. Farrell v. Planters Lifesavers Co., 206 F.3d 271, 284 (3d Cir. 2000). Here, Plaintiff alleges that he requested and was granted leave at various times in 2012, 2013 and 2014, and that he eventually was forced to resign ("constructively discharged," as he puts it) on May 11, 2014. (Doc. 1 ¶ 34). He also alleges that, between when he last took leave and when he resigned, Defendant "Harper chastised staff for taking too many days off" and "made several stray remarks to Plaintiff about missing time from work[.]" (Id. ¶¶ 10-11). These comments, coupled with the relatively short period of time between when Plaintiff took leave and his resignation, are sufficient at this stage in the proceedings. Thus, Defendants' Motion will be denied regarding FMLA retaliation.

Defendants' Motion will, however, be granted as to Plaintiff's FMLA interference claim. To state an FMLA interference claim, a plaintiff must demonstrate:

> (1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA.

Capps, 847 F.3d at 155 (citation and quotation marks quotation omitted). "Unlike an FMLA retaliation claim, '[a]n interference action is not about discrimination, it is only about whether

the employer provided the employee with the entitlements guaranteed by the FMLA.'" Id. (quoting Callison v. City of Phila., 430 F.3d 117, 120 (3d Cir. 2005)). While Plaintiff argues that he can succeed on his interference claim without pleading or proving that he was actually denied leave, that position is not consistent with Third Circuit precedent. As the Court of Appeals for the Third Circuit has made clear, "'for an interference claim to be viable, the plaintiff must show that FMLA benefits were actually withheld.'" Id. (quoting Ross v. Gilhuly, 755 F.3d 185, 192 (3d Cir. 2014)). Where an employee "'received all the benefits to which he was entitled by taking leave and then being reinstated to the same position from which he left,'" the employee "'cannot satisfy the fifth prong of the interference analysis[.]'" Id. (quoting Ross, 755 F.3d at 192).

Plaintiff alleges only that he "had requested and was granted intermittent leave . . . at various times." (Doc. 1 ¶ 57). Nowhere does he allege that he was denied leave to which he was entitled. Therefore, he has not stated a claim for interference under the FMLA.

Consistent with the foregoing, the Court hereby enters the following:

## II. <u>ORDER</u>

Defendants' Motion to Dismiss (**Doc. 9**) is **GRANTED** with respect to Plaintiff's FMLA interference claim,[2] and **DENIED** with respect to Plaintiff's FMLA retaliation claim. It is **FURTHER ORDERED** that the Allegheny County Jail is **DISMISSED** as a party to this lawsuit. Finally, Defendants shall answer the remaining retaliation claim by **<u>May 4, 2017</u>**. See Fed. R. Civ. P. 12(a)(4)(A).

---

[2] The Court has no reason to believe that Plaintiff's pleading deficiency can be cured by amendment. See Pl.'s Opp'n Br. (Doc. 12) at 7-8 (acknowledging Defendant's argument that Plaintiff has not alleged denial(s) of benefits, and failing to state or imply the contrary is true). Accordingly, dismissal of the interference claim is made with prejudice.

3

IT IS SO ORDERED.

April 20, 2017                                         s/ Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge

cc (via ECF email notification):

All Counsel of Record